

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00203-CR

_____


JOHN EDWARD BEEZLEY, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the County Court at Law
Hopkins County, Texas
Trial Court No. CR0826254



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

John Edward Beezley appeals from his verdict for resisting arrest. His sentence was imposed June 21, 2011. Beezley filed a timely motion for new trial.

Therefore, Beezley's notice of appeal had to be filed within ninety days of the date sentence was imposed. TEX. R. APP. P. 26.2(a)(2). The last day for filing the notice of appeal was September 19, 2011. The notice of appeal was not filed until September 22. The certificate of service on the notice of appeal reads, "I hereby certify that a true and correct copy of the foregoing Defendant's Notice of Appeal was hand delivered to the office of Ms. Dustanna Rabe, County Attorney for Hopkins County, Texas, the Attorney of Record for the State of Texas." This certificate gives this Court no date on which the notice of appeal was mailed or delivered to the county clerk's office.

The Texas Court of Criminal Appeals interprets TEX. R. APP. P. 26.3 strictly to require an appellant in a criminal case to file his or her notice of appeal and a motion for extension within the fifteen-day period for filing a late notice of appeal. *See Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996) (citing *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993)). The Texas Court of Criminal Appeals has expressly held that without a timely-filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See id.* at 522; *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998).

2

On October 19, 2011, we notified counsel by letter of this defect in jurisdiction and requested that he inform us how we had jurisdiction over this appeal and notified him that if we did not receive a response within ten days, we would dismiss this appeal for want of jurisdiction.

It is now December 6, 2011, and we have received no response from counsel.

We dismiss this appeal for want of jurisdiction.

Jack Carter
Justice

Date Submitted:     December 6, 2011
Date Decided:       December 7, 2011

Do Not Publish

3